IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AUDRA WILSON,<br><br>                Plaintiff,<br><br>-against-<br><br>AMERICAN EXPRESS,<br><br>                Defendant. | Civil Action No.<br><br>CIVIL ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

Plaintiff AUDRA WILSON files this Complaint against AMERICAN EXPRESS (hereinafter "Amex" or "Defendant"). Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

## I. NATURE OF THE CASE

1. Plaintiff brings this action against Defendant for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a–1681x.

2. Plaintiff brings claims against Defendant for knowingly and intentionally procuring her credit report without having any permissible purpose for accessing such reports.

3. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## II. PARTIES

4. Plaintiff Audra Wilson ("Plaintiff") is a "consumer" as protected and governed by the FCRA, and resides in Shelby County, Indiana.

5. Defendant American Express is a financial institution with its registered office located at 28 Liberty Street, 42nd Floor, New York, NY 10005.

### III. JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

7. Defendant regularly conducts business within the state of Indiana and violated Plaintiff's rights under the FCRA in the state of Indiana as alleged more fully below.

8. Venue is proper in this district under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant regularly does business in this District, and communications giving rise to this action occurred in this District.

### IV. FACTUAL ALLEGATIONS

9. Plaintiff is a former customer of Amex.

10. On February 25, 2020, Plaintiff filed for relief under Chapter 7 of the United States Bankruptcy Code.

11. Plaintiff's bankruptcy petition contained a list of her debts. Particularly the Schedule F of the petition listed American Express as one of Plaintiff's creditors.

12. The Bankruptcy Noticing Center sends either an electronic or mailed notice of the bankruptcy and automatic stay to those entities listed on a bankruptcy petition.

13. On February 28, 2020, the Bankruptcy Noticing Center electronically sent a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, to the Defendant. *See* Notice attached hereto as Exhibit A.

14. The Notice advised that the Plaintiff had filed a bankruptcy case and that all collection activities were to be stayed pursuant to the Bankruptcy Code. *Id.*

15. On July 17, 2020, the Plaintiff received an order granting her discharge of her debts, including the Amex account. *See* Exhibit B annexed hereto.

16. The Bankruptcy Noticing Center sent the Order of Discharge of Debtor electronically to the Defendant on July 16, 2020. *Id.*

17. The Defendant received multiple notifications from the U.S. Bankruptcy Court that Plaintiff's debt was subject to the bankruptcy case. Thus, the Defendant knew that the Plaintiff had completed a chapter 7 bankruptcy case and had received a discharge of her debts, including the Amex account.

18. Notwithstanding, over two years later, on September 23, 2022, the Defendant procured the Plaintiff's Experian credit report.

19. Permissible purposes for accessing a credit report include, but are not limited to, a person seeking a credit report in connection with a possible credit transaction, employment purposes, servicing of an existing credit obligation, or an otherwise legitimate business need. 15 U.S.C. § 1681b(a)(3)(A), (B), (E) and (F).

20. The Defendant had no permissible purpose for procuring the Plaintiff's credit report or for viewing the Plaintiff's private, personal and confidential information.

21. As the result of its violations of the FCRA, Defendant is liable to Plaintiff for statutory, actual and punitive damages, as well as attorneys' fees and costs. 15 U.S.C. § 1681n.

22. Defendant's conduct and actions were willful. The language of section 1681b(a) is pellucidly clear and there is no reasonable reading of the statute that could support Defendant's actions.

23. Defendant received multiple notices that the Plaintiff's former balance with Defendant had been discharged and was no longer collectible.

24. Nonetheless, Defendant willfully, deliberately and intentionally procured Plaintiff's credit report over two years after receiving notice of the entry of the discharge order.

25. Defendant routinely obtains and uses consumer reports under false pretenses and/or impermissible purposes regarding consumers with whom Defendant has no active account or credit relationship.

26. This practice violates the fundamental privacy protection afforded consumers under the FCRA and runs counter to longstanding regulatory guidance. The Federal Trade Commission ("FTC") has long held that under section 604(a)(3) of the FCRA (15 U.S.C. § 1681b(a)(3)), "'review' of an account refers to an existing (*i.e.*, open or current) account. *See* FTC letter dated April 29, 1999 to Don Gowen. Because there no longer exists any account to "review" and the consumer is not applying for credit, the FCRA provides no permissible purpose for the creditor to receive a consumer report from a CRA. *See* FTC Advisory Opinion letter dated April 30, 1999 to Kenneth J. Benner.

27. Case law existing prior to and at the time of Defendant's actions described herein served to put Defendant on notice that its actions in accessing a consumer's credit report when the alleged debt was no longer collectible was in violation of the FCRA.[1]

28. By reasons of the clear statutory language, the FTC opinions, the above cases and others construing section 1681b(a)(3) of the FCRA, Defendant had substantial notice that its

---

[1] *See, e.g.*, *Barton v. Ocwen Loan Serv. L.L.C.*, 2012 WL 4449860 (D. Minn. Sept. 26, 2012) (plaintiff stated claim for willful noncompliance where defendant accessed consumer report even after plaintiff repeatedly informed it that her obligation had been discharged in bankruptcy); *Haberman v. PNC Mortg. Co.*, 2012 WL 2921357 (E.D. Tex. July 17, 2012) (denying summary judgment where defendant allegedly obtained consumer report after debt had been discharged in bankruptcy); *Huertas v. Galaxy Asset Mgmt.*, 2010 WL 936450 (D.N.J. Mar. 9, 2010) (granting leave to amend complaint to allege that account had been discharged in bankruptcy eliminating permissible purpose), *aff'd on other grounds*, 641 F.3d 28 (3d Cir. 2011); *Godby v. Wells Fargo Bank*, 599 F. Supp. 2d 934 (S.D. Ohio 2008) (account review was. Not permissible purpose when account discharged in bankruptcy); *Thomas v. U.S. Bank*, 2007 WL 764312 (D. Or. Mar. 8, 2007) (denying summary judgment for bank because of fact issue whether bank knew account was discharged). *See also Orr v. Allied Interstate, Inc.*, 2012 WL 4033721 (N.D.N.Y. Sept. 12, 2012) (FCRA claim was not precluded by the Bankruptcy Code).

conduct violated the FCRA. Further, because the FCRA was enacted in 1970, Defendant has had years to become compliant but has failed to do so.

29. As a result of Defendant's conduct, the Plaintiff suffered concrete injuries. In addition to having her privacy invaded, Plaintiff had her personal identifying and account-related information unnecessarily disseminated to the Defendant, and, upon information and belief, to its related information sharing affiliates. Defendant also thereby subjected Plaintiff to an increased risk of identity theft and/or a data breach, resulting in consequential anxiety and emotional distress.

30. Defendant, at all times relevant hereto, was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

## VI. CAUSES OF ACTION

### COUNT I
### 15 U.S.C. § 1681b(a)

31. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

32. Defendant is a "person" as defined by sections 1681a(b) of the FCRA.

33. Plaintiff is a "consumer" as defined by section 1681a(c) of the FCRA.

34. The above-mentioned report is a "consumer report" as defined by section 1681a(d) of the FCRA.

35. Section 1681b(f) of the FCRA provides as follows:

A person shall not use or obtain a consumer report for any purpose unless—

> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

> (2) the purpose is certified in accordance with section with section 1681e of this title by a prospective user of the report through a general or specific

certification.

36. Section 1681b(a)(3) of the FCRA provides a list of permissible purposes:

(a) In general. Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

...

(3) To a person which it has reason to believe—
    (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;
    ...
    (F) otherwise has a legitimate business need for the information—
        (i) in connection with a business transaction that is initiated by the consumer; or
        (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

37. Defendant violated these provisions by obtaining the Plaintiff's credit report without a permissible purpose.

38. As a result of Defendant's conduct, Plaintiff has been harmed, as explained above.

39. Pursuant to section 1681n and 1681o of the FCRA, Defendant is liable for willfully and negligently violating section 1681b(f) by obtaining consumer reports without a permissible purpose.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

A. That judgment be entered in favor of the Plaintiff against Defendant for statutory damages, actual damages and punitive damages for violation of 15 U.S.C. § 1681b(a), pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

B. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

C. That the Court grant such other and further relief as may be just and proper, including but not limited to any equitable relief that may be permitted.

### VIII. TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

Dated: January 6, 2023

/s/ Yitzchak Zelman, Esq.
Yitzchak Zelman, Esq.
Marcus Zelman, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Email: yzelman@marcuszelman.com
Attorneys for Plaintiff
